UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | | |
|---|---|---|
| VERTEX DEVELOPMENT, LLC, A DELAWARE LIMITED LIABILITY COMPANY, | ) ) ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| MANATEE COUNTY, FLORIDA, A POLITICAL SUBDIVISION OF THE STATE OF FLORIDA, | ) ) ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

The Plaintiff, VERTEX DEVELOPMENT, LLC ("Vertex"), by and through its undersigned counsel, hereby sues the Defendant, Manatee County, Florida ("the County"), and alleges as follows:

## PARTIES

1.      Vertex is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Tampa, Florida.

2.      The County is a political subdivision of the State of Florida.

## JURISDICTION

3.     This is an action for declaratory and injunctive relief pursuant to the Federal Telecommunications Act of 1996, 47 U.S.C. §§ 332, et seq.  This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.  Declaratory relief is authorized by 28 U.S.C. § 2201.

## NATURE OF THE ACTION

4.     On January 27, 2011 the County denied Vertex's application for a 150' monopole telecommunications tower.  Vertex now seeks a declaratory judgment that the denial is void as violative of the Federal Telecommunication Act of 1996, 47 U.S.C. § 332, et seq.  Vertex further seeks a mandatory injunction ordering the County to approve the application as submitted in accordance with the Federal Telecommunications Act.

## VENUE

5.     Venue is proper in this district because Vertex and the County reside or are found within this district, a substantial part of the events or omissions giving rise to the claim have occurred within this district, and the property at issue is located within this district.

## GENERAL ALLEGATIONS

6.     Vertex is in the business of providing service to various licensed personal wireless telecommunications providers by locating, leasing, zoning, constructing, and owning personal wireless service facilities.

7.     Vertex proposed to build a 150' monopole telecommunications tower (the "Proposed Tower") on a parcel of land leased from Palm Aire Country Club at Sarasota, Inc. (the "Leased Parcel").  Vertex's anchor tenant for the tower is T-Mobile South, LLC ("T-Mobile").  T-Mobile is in the business of providing cellular telecommunications services.   T-Mobile

2

requested the construction of a tower on which to locate its personal wireless service facilities to close a service coverage gap in its cellular telecommunications services in Manatee County. In addition to these basic service coverage needs, the tower would also provide improved E911 location services to the surrounding area while augmenting the mobile in vehicle basic emergency 911 services.

8.     The Palm Aire property is located at 5625 Whitfield Avenue, Sarasota, Florida and is zoned RSF-4/5WP-E/ST (Residential Single-Family, 4.5 dwelling units per acre/ Evers Watershed Protection/Special Treatment Overlay).    The Palm Aire property contains approximately 38.62 acres (the "Property"). The Property has a RES-9 Future Land Use designation.

9.     The Property is developed as The Palm Aire Country Club at Sarasota and includes a golf course.

10.     The Manatee County Land Development Code provides that monopole towers up to 150' in height are allowed by Special Permit in the RSF-4.5 zoning district. The Manatee County Land Development Code further provides that Personal Wireless Service Facilities must meet all criteria set forth in Section 704.59.

11.     On September 21, 2009, Vertex submitted a Special Permit application ("the Application") for approval to construct the Proposed Tower. A true and correct copy of the Application is attached hereto as Composite **Exhibit "A."**

12.     Section 704.59 of the Manatee County Land Development Code provides for certain setback and locational requirements for telecommunications towers.   The Manatee County Land Development Code provides the following locational requirements:

3

| SEPARATION FROM | DISTANCE |
|---|---|
| Any adjacent or surrounding residential uses or residential districts | 200' or 200% of tower height, whichever is greater |
| Arterial roadways | 125% of tower height |
| Interstates | 125% of tower height |
| Tower to Tower separation | Camouflaged towers - none |

13.     In addition to the locational requirements set forth above, the Manatee County Land Development Code Section 704.59 also provides that all towers must be located on a parcel such that certified fall radius of the tower lies within the confines of the parent parcel.

14.     The Manatee County Land Development Code, Section 704.59.3.13.12 sets forth a Matrix of Siting and Locational Preferences for new personal wireless service facilities. The Matrix identifies Preferred Zones for the siting of telecommunications towers.

15.     The RES-4.5 Zoning District is Non-Preferred Zone District under the County's LDC.

16.     Pursuant to §704.3.13.16 if an appliant is requesting the siting of a tower in a residential zoning district as a Non-Preferred Zone District, the appliant must demonstrate that it "cannot reasonably provide telecommunications service to the residential area or zone from outside the residential area or zone district."

17.     The Application submitted by Vertex demonstrated the following:

        a.      The Tower location's distance from adjacent residential uses and surrounding residentially zoned land, arterial roadways and interstates exceeded all setback and locational requirements in the Manatee County Code; and

        b.      The monopole was designed so that the fall zone radius fell within the parent parcel, and

4

c.      No other towers or structures existed on which T-Mobile could locate its antennae and close its service coverage gap; and

d.      The Tower compound proposed landscaping that met the Manatee County code requirements; and

e.      The Tower was designed to accommodate 5 carriers.

18.     Submitted with the Application was uncontroverted evidence that T-Mobile has a coverage gap in the area and that the proposed tower site would fill in T-Mobile's coverage gap. See Application attached as Composite **Exhibit "A."**

19.     Submitted with the Application and at the public hearing was uncontroverted evidence that pursuant to §704.59.3.13.16 of the Manatee County Land Development Code, Vertex and T-Mobile could not reasonably provide telecommunications service to the residential area or zone from outside the residential area or zone district.

20.     Pursuant to Manatee County LDC §505.4 Special Permit Applications are heard by a Hearing Officer who takes final action on the application on behalf of the County.

21.     In preparation for the hearing before the Hearing Officer, the planning staff of the County prepared a Staff Report recommending denial. See Staff Report attached as **Exhibit "B."**

22.     The Hearing Officer heard the matter on December 15, 2010 meeting.

23.     At the hearing the Manatee County Staff recommended denial, finding that the Application was inconsistent with the Land Development Code and the Comprehensive Plan.

24.     The Hearing Officer continued the matter to January 12, 2011.

25.     At the Hearing Officer proceeding, several citizens spoke against the Application. The opposed citizens did not articulate any fact-based testimony to support a denial.

5

26.     On January 27, 2011 the Hearing Officer issued his Final Order finding that the application was inconsistent with the Comprehensive Plan and the Land Development Code. A copy of the Final Order is attached as **Exhibit "C".**

27.     The Final Order of Denial, however, is not supported by competent, substantial evidence in the record.

## THE FEDERAL TELECOMMUNICATIONS ACT OF 1996

28.     The United States Congress enacted the Federal Telecommunications Act of 1996 (the "Act") to create a national policy framework to accelerate the deployment of telecommunications technology. The Act does so in part by placing certain substantive and procedural limitations upon the authority of local bodies to regulate and limit the construction of facilities for wireless communication services.

29.     One of those limitations, found in 47 U.S.C. § 332(c)(7)(B)(iii), requires that "any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

30.     Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof, may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis. See 47 U.S.C. § 332 (c)(7)(B)(v).

31.     The County violated the provisions of the Act when it denied Vertex's Application for a 150' Monopole Telecommunications Tower without substantial evidence in the written record to support its actions.

6

32.     Based upon the above allegations, Vertex is entitled to declaratory and injunctive relief under the Act, 47 U.S.C. §§ 332, et seq., and 28 U.S.C. § 2201.

33.     Vertex has no adequate remedy at law and there is an actual, practical, and present need for declaratory and injunctive relief to further the policies of the Act, and to eliminate a significant gap in wireless coverage.

34.     All conditions precedent to bringing this action have been met or waived.

## COUNT I (FOR DECLARATORY RELIEF)

35.     Vertex realleges and incorporates by reference paragraphs 1 through 34 as thought fully set forth herein.

36.     This is an action for declaratory relief pursuant to 47 U.S.C. § 332 and 28 U.S.C. § 2201.

37.     On September 21, 2009 Vertex submitted an Application to the County for Special Permit approval to construct a 150' Monopole Telecommunications Tower on a parcel located at 5625 Whitfield Avenue, Sarasota, Florida.

38.     The Tower met all of the criteria set forth in the County's Land Development Regulations for Special Permit approval of telecommunications towers.

39.     In spite of the uncontested facts presented in the Application and the hearing on the matter, the Hearing Officer denied Vertex's application on January 27, 2011.

40.     The County violated the Act because its denial was not supported by substantial competent evidence. See 47 U.S.C. § 332(c)(7)(B)(iii). Other than conclusory opinions, there are no facts in the record to indicate that the Proposed Tower is inconsistent with the County's Comprehensive Plan, Code, Ordinances, the intent and purpose of the County Land

7

Development Regulations, or with the general character and aesthetics of the surrounding property.

41.     As the County has failed to support its denial with written findings of fact supported by substantial evidence, its decision cannot stand under the Federal Telecommunications Act.

WHEREFORE, Vertex respectfully requests that this Court enter an order declaring the County's denial of Vertex's Application for a 150' Monopole Tower null and void; for the costs associated with prosecuting this action; and for such other relief as the Court deems just and proper.

## COUNT II (FOR INJUNCTIVE RELIEF)

42.     Vertex realleges and incorporates by reference paragraphs 1 through 34 as thought fully set forth herein.

43.     This is an action for injunctive relief pursuant to 47 U.S.C. § 332.

44.     On September 21, 2009, Vertex submitted an Application to the County for Special Permit approval to allow it to construct a 150' Monopole Telecommunication Tower on property located 5625 Whitfield Avenue, Sarasota, Florida.

45.     The Tower met all the requirements of the County's Land Development Code, and Comprehensive Plan.

46.     The County violated the Act because its denial was not supported by substantial competent evidence.  See 47 U.S.C. § 332(c)(7)(B)(iii). Nothing in the record indicates that the Tower is inconsistent with the County's Comprehensive Plan, Code, Ordinances, the intent and purpose of the County Land Development Regulations, or with the general character and aesthetics of the surrounding property.

8

47.     Thus, pursuant to the Act the County's decision cannot stand.

48.     Because the denial of Vertex's Application is not supported by competent, substantial evidence, this Court, pursuant to the Act, should issue an injunction mandating the approval of the Application as submitted on this record.

WHEREFORE, Vertex respectfully requests that this Court enter an order declaring the County's denial of Vertex's Application for a 150' Monopole Telecommunications Tower null and void; for a mandatory injunction instructing the County to approve Vertex's Application as submitted; for the costs associated with prosecuting this action; and for such other relief as this Court deems just and proper.

Dated:  February 25, 2011

Respectfully submitted,

Mary D. Solik
Florida Bar No. 0856479
msolik@orlando-law.com
**Law Offices of John L. Di Masi, P.A.**
801 North Orange Ave., Suite 500
Orlando, FL  32801
407-839-3383, ext. 216
407-839-3384

Attorneys for Vertex Development, LLC

9